## LUCAS COUNTY V. RINGGOLD COUNTY.

1. **County court:** JURISDICTION: THE POOR. Neither the county judge, nor the County Court has any jurisdiction in regard to the settlement or support of the poor. It is conferred by the statute exclusively upon the board of supervisors.

*Appeal from Lucas District Court.*

THURSDAY, JUNE 28.

ABOUT the 1st of July, 1864, Sarah Percifield removed from the State of Missouri into the county of Ringgold, in this State, bringing her son Martin, a lunatic sixteen years of age with her. About the 1st of September thereafter, she removed with her son into Lucas county.

In April, 1865, the clerk of the District Court, acting *ex officio* as county judge, upon a showing of these facts, and that the said Martin was a pauper lunatic, made an order for the removal and delivery of said pauper to the county of Ringgold. From this order the last named county appealed to the District Court of Lucas county. Upon motion the court struck the case from the docket, from which order the county of Ringgold appeals.

*M. D. McHenry* and *Polk* for the appellant.

*Perry & Townsend* and *Edwards* for the appellee.

LOWE, Ch. J. — It is competent for a county to disclaim the unauthorized acts of its agents and officers. The act of the clerk as *ex officio* county judge, in the matter before us, was mere assumption. The only basis of his authority in the premises, if anywhere, is to be found in chapter 57 of the Revision, in relation to the settlement and support of the poor. But the first section of this chapter (§ 1354) says, that for the

*[margin note: 1. COUNTY COURT: Jurisdiction: the poor.]*

purposes of this chapter the word "court" means, board of supervisors, and the word "judge" also means board of supervisors, &c.

· Then, section 512 declares that the board of supervisors shall have and exercise all the powers in relation to the poor now possessed by the county judge, or the County Court, &c. · It follows, that the county judge nor the County Court, as such, had any jurisdiction of this subject, without which the District Court could not entertain jurisdiction, and the case was properly stricken from the docket.

Affirmed.